Price, J.
On or about the 21st day of January, 1905, William Haley et al. filed with the auditor of Clinton county their petition for the location and construction of a ditch, along a route and through the lands therein described. Bond was filed and notice given to parties interested, as prescribed by statute. This petition was delivered to the commissioners of that county by the auditor, who had fixed the 21st day of February, 1905, as the day of hearings, and on that day, the record says, the commissioners met “at the place of the beginning of the ditch, and adjourned from time to time, and heard all proof offered by any of the parties affected by said improvement * * * and we went over and along the line of said improvement, and by actual view of the said ditch and the premises along and adjacent thereto and to be drained or benefited thereby, determined the necessity thereof. And we do hereby find that said improvement is necessary, and will be conducive to the public health, convenience and welfare, and a benefit to the lots and lands along the line thereof by furnishing drainage thereto. And we further find that the route described is the best.”
A part of the ditch was ordered to be tiled.
A recital of the foregoing proceedings appears on the journal of the commissioners, under date of June 27, 1905. The auditor was ordered to place the proceedings on the journal, and the county surveyor was ordered to go upon the line, to make survey, level, etc., as required by the statute, to make and return a schedule of all lots and lands, corporate roads or railroads that would *289 be benefited, and an apportionment of the estimated cost of locating and constructing said improvement, according to the benefits which would result to each, and to file his report on or before the time fixed for the hearing of the same. It was then ordered that the 10th day of August, 1905, at ten o’clock a. m., at the auditor’s office, be fixed “for the hearing of applications for any appropriations of land taken for said improvement and damages said parties affected by said improvement, or any of them, may sustain thereby, and for the approval of the report of the surveyor.”
On the same day that these proceedings were spread upon the journal of the commissioners, to-wit, June 27, 1905, the plaintiff in error gave the following notice of appeal: “Now comes Eva-line Atley and gives notice of her intention to appeal from the decision and finding of the commissioners herein that said ditch is necessary and will be conducive to the public health, convenience and welfare, and that said route is practicable, and also from the order of the commissioners to tile the same, and to each and every part of said order.
“June 27, 1905. Evaline Atley.”
This notice of appeal was filed with the auditor on the same day and the appeal bond was fixed at $700, which bond was given, and the appeal filed in the probate court of Clinton county on -the 15th day of July, 1905, accompanied with a transcript of the proceedings of the commissioners and the original papers, and that court fixed July 19, 1905, at nine o’clock a. m., as the day and hour for the *290 hearing of all preliminary motions and the examination of all the papers so filed.
On that day, the record recites, that “the parties appeared, and the court having examined the papers, do find that said appeal is perfected in due form. And thereupon the court fixes the 27th day of July, 1905, at eight o’clock a. m., as the time for trial of said case to a jury. And it is ordered that a notice issue to the clerk of the court of common pleas, and the sheriff of the county, to draw sixteen names from the jury.box to serve as a jury herein, as provided by law * * * until which time this cause stands adjourned.” A venire for the jury was issued, returnable July 27, 1905, at eight o’clock A. m. The jury responded accordingly, and before the beginning of the trial, and on the same day, the commissioners of the county and the petitioners for the ditch moved the court to dismiss said appeal on the ground that, “the same was prematurely taken pending and before the final hearing of said matter by the county commissioners.” On consideration of said motion, the probate court found that the appeal had been prematurely taken and had not been perfected according to law, and dismissed the same at the costs of the appellant. Thereupon the jury was discharged. The plaintiff in error excepted to the order of dismissal and judgment for "costs, and prosecuted error in the court of common pleas, which court reversed the order and judgment of the probate court for error in sustaining the motion to dismiss the said appeal. The commissioners and petitioners for the ditch prosecuted error in the circuit court to reverse said judgment of the *291 court of common pleas, and, on hearing, the circuit court reversed the judgment of the court of common pleas for error “in reversing the judgment of the probate court, and in holding said appeal was properly and legally taken.”
The case is here on error for us to determine which of the lower courts committed error.
Mrs. Atley, plaintiff in error, owns certain lands on the line of ditch in question, and through which it would be constructed, and therefore belonged to that class of land-owners who might file claims for compensation and damages; and when the commissioners, on the 27th of June, 1905, found in favor of the improvement — -that it was necessary and would be conducive to the public health, convenience and welfare — they fixed the 10th day of August, 1905, for the hearing of applications for compensation and damages. The plaintiff in error did not wait the arrival of that day, but immediately took an appeal, and it ran its course and was dismissed by the probate court on the 27th day of July. The commissioners followed the law —Section 4452, Revised Statutes — by meeting at the beginning of the ditch on the day appointed for the purpose, and there all interested parties were privileged to be heard, and, after hearing the par-dies and any other competent testimony, they viewed the route of the proposed ditch, and found in favor of the improvement, as before stated. We presume the county surveyor performed his' duty under the order of the commissioners and as defined by Sections 4454 and 4455, Revised Statutes. But Mrs. Atley did not wait for the result of the surveyor’s work.
*292 Section 4460 provides that at any time on or before the day set for hearing as provided in Section 4452, Revised Statutes — August 10th, in this case — “any person or corporation whose lands are taken or affected in any way by such improvement may make application to said commissioners in writing for compensation or damages, and they, or-any of them, may make an application in writing for a change or alteration of the line of the ditch through their premises, and a failure to make such application shall be deemed and held to be a waiver of all rights thereto.”
Section 4461 provides the procedure in fixing the compensation alid damages, and the making. of a change or alteration in the line, if such change should be made; also the manner of apportioning the expense of such change or alteration. The last clause of the section reads: “Provided, however, that if any person or corporation aggrieved by any final order or judgment of the commissioners, shall at the final hearing before them, or within such time as may be provided by law, file a written notice of an intention to appeal therefrom, no further proceedings shall be had and no payments shall be made as herein provided, until said proceedings on appeal shall be finally disposed of and determined.”
The payments referred to in the foregoing language are the payments of expenses of location, change or alteration, if any, and the compensation and damages allowed to the land-owners who may have applied for the same. When the notice of intention to appeal is legally given, all further proceedings on 'the ditch are suspended, and no *293 payments of expenses or compensation for damages shall be made until matters appealed are finally disposed of.
It is clearly indicated by this provision that a final order has not been reached until all applications for compensation and damages have been decided, as well as all applications for a change or alteration of the route of the ditch have been determined. If otherwise, why provide that no payments of expenses, compensation or damages shall be paid until the appeal shall be finally disposed of? If the claims for compensation and damages are fixed and allowed, and there are no changes or alterations requested or made in the line, the questions as to location of the improvement, compensation and damages, are final as to the county commissioners. In this case, the 10th day of August, 1905, was set to hear the claims for compensation and damages, and by virtue of Sections 4460 and 4461, written applications for a change or alteration of the line of the ditch were to be heard on the same day. Hence, until that day’s proceedings were over, it could not be said that the ditch petitioned for had been certainly located on the line described in the petition, inasmuch as the several land-owners had the right to ask changes and alterations of the route through their respective premises. Moreover, the amount allowed as compensation and damages, and the changes and alterations, if any, would largely affect the desire to appeal, and enable the dissatisfied party to determine from what order or part of the proceedings he desired to appeal. None of these matters had been passed on when the plaintiff in *294 error took her appeal, for the day set for that hearing had not arrived. When her appeal was taken and filed the ditch proceeding was yet in its initial stage. The line or route, on written application by one or more land-owners, was subject to subsequent material changes, which could have been heard only on the 10th of August, or an adjourned day, when all claims for changes or alterations, compensation and damages would be finally settled. Until then, we think there was no final order from which appeal would lie. We do not mean by this statement that any appeal is allowed from the apportionment of the expenses and costs of construction.
There is another event provided for in Section 4462: “A person or corporation, party to the proceeding, may file exceptions to the finding of the commissioners that the improvement is necessary or will be conducive to the public health, convenience or welfare, and that the line described is the best route, or to the apportionment, or to any claim for compensation or damages, at any time before the time set for the final hearing of the report and apportionment. The commissioners may hear testimony and examine witnesses upon all questions made by the exceptions, and for that purpose may compel the attendance of the witnesses by subpoena,” etc. These exceptions are in the nature of a second challenge of the orders theretofore made as to location of the ditch, and again raises the question whether it will be conducive to the public health, convenience or welfare, and whether the line described is the best route. The exceptions may be taken to the apportionment, or *295 to any claim for compensation or damages. These exceptions, raising one or more of the above questions, may be filed “at any time before the time set for the final hearing of the report and apportionment.” The final order we have been considering under the last clause of Section 4461 may be held in abeyance by the filing of the exceptions referred to until they are determined. If the commissioners sustain the exceptions to the finding of the commissioners that the improvement is necessary, or will be conducive to the public health, convenience or welfare, and that the line described is the best route, then the improvement fails on that petition, and no appeal for any reason is necessary. Or, the commissioners may overrule the exceptions as to the above points, and sustain them as to claims for compensation or damages. Or, these exceptions may be also overruled, and, in such event or events, the parties will know from what decision they may desire to appeal.
If no such exceptions are filed as to the necessity of the ditch, and that it will be conducive to the public health, convenience and welfare, the final order as above considered under the last clause of Section 4461, is the final order from which appeals will lie. On the other hand, if the effect of such final order is suspended by the timely filing of exceptions to points decided therein, the decision of such exceptions becomes the final order as to the ground of such exception from which appeal may be taken within the statutory period, if the subject of appeal is within Section 4463. We so construe these sections, believing it the duty of dissatisfied parties to exhaust their efforts *296 to have redress before the commissioners by use of exceptions so provided for, before resorting by appeal to another tribunal.
Section 4463, Revised Statutes, provides: “Any person or corporation aggrieved thereby (the decisions of the commissioners) may appeal from any final order or judgment of the commissioners made in the proceeding and entered upon their journal, determining either of the following matters, viz.: (1) Whether said ditch will be conducive to the public health, convenience or welfare. (2) Whether the route thereof is practicable. (3) The com-1 pensation for land appropriated. (4) The damage claimed to property affected by the improvement.”
The section proceeds: “And the appellant shall file with the commissioners, at the final hearing before them, a notice in writing of an intention so to do, and specifying therein the matter appealed from.” * * * Here again we have the final hearing referred to, and the notice of*'intention to appeal must specify the matter appealed from. If the appeal may be taken from the original order locating the improvement, in advance of the determination of any changes or alterations, and also in advance of the fixing of the amounts of compensation and damages, why was it necessary to provide that the notice for the appeal shall specify therein “the matter appealed from”? In such a condition there would be but one matter passed on, and there would be nothing to specify.
In this case, the appeal was taken on the day the proceedings locating the ditch were entered in the journal, which was June 27,. 1905. We think it was premature. It would be very confusing and *297 mischievous in results, if an appeal can be thus taken from the initial proceedings, and when compensation and damages are subsequently allowed or refused, another appeal may be taken, so that the probate court would have separate appeals, to be heard, maybe, at different times by different juries. Such a straggling practice is not within the policy of our ditching statutes, however obscure certain of their provisions may be.
But it is argued that the motion to dismiss the appeal came too late, the day set for hearing the preliminary questions having passed without any attack upon it. The record from the probate court is silent as to what, if anything, was said on that occasion. It is recited in the entry that “the court, having examined the papers, do find that said appeal is perfected in d%ie formThis is all; and then the court fixed the 27th day of July for a trial by jury.
It seems that the question of jurisdiction by appeal was not raised, and the court might find that the appeal had been perfected “in due form,” without passing on the question raised subsequently by the motion to dismiss. It is unfortunate that the motion was not filed before the costs incident to procuring a jury had accrued; but we think the right to file the motion was not waived or lost.

Judgment affirmed.

Shauck, C. J., Grew, Summers, Spear and Davis, JJ., concur.